# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CECELIA BUSH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-CV-1487 SPM |
| STATE FARM INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant State Farm's Amended Notice of Removal. (Doc. 17). This case was originally filed in state court. In Plaintiff's Missouri state court petition, Plaintiff alleged that after a fire at her home, she sought reimbursement from Defendant under her homeowner's insurance policy, and that Defendant made only a portion of the payment that Plaintiff was owed under the policy. Plaintiff also alleged that the refusal to pay was vexatious and unreasonable, in violation of 215 Ill. Comp. Stat. Ann. 5/155 and/or Mo. Rev. Stat. § 375.296 and Mo. Rev. Stat. § 375.420. She also alleged that Defendant exceeded the scope of its authority by executing a release of Plaintiff's rights to seek compensation from General Electric. Plaintiff did not specify the amount of damages she sought; instead, in accordance with Missouri pleading rules, Plaintiff sought "a sum in excess of $25,000.00, for prejudgment interest, for costs, for attorneys' fees, and for such additional or further statutory penalties as provided by law." Pet'n, Doc. 1-2.[1] Defendant removed the case to this Court from state court, asserting that this Court has subject

---

[1] *See, e.g., Gebert v. United Rentals (N. Am.), Inc.,* No. 4:05CV717SNL, 2005 WL 2789332, at *1 (E.D. Mo. Oct. 26, 2005) ("Missouri civil procedure law prohibits a plaintiff from praying for specific monetary relief in a complaint, and generally plaintiffs will simply plead for damages "in excess of $25,000.00" (Missouri's requisite jurisdictional amount).").

– 1 –

matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.[2]

At the scheduling conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court raised questions about its subject matter jurisdiction. Although the Court found it clear that the requirement of diversity of citizenship was satisfied,[3] the Court could not determine whether the amount in controversy exceeded $75,000. The Court therefore directed Defendant to file either a legal memorandum or amended notice of removal addressing this deficiency. Defendant has now filed an Amended Notice of Removal (Doc. 17). Plaintiff has filed a response, stating that she does not dispute any of the analysis in the Amended Notice of Removal. (Doc. 18).

After review of the Amended Notice of Removal, the Court finds that the amount in controversy requirement is satisfied. Where, as here, the petition does not contain a demand for a specific monetary amount, the Court must make a factual inquiry into the amount in controversy. *Hofmann v. Wells Fargo Bank, N.A.,* No. 4:19-CV-423 CDP, 2019 WL 1992630, at *1 (May 6, 2019). *See also Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001). In determining whether the amount in controversy requirement is satisfied, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quotation

---

[2] A defendant may generally remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the district court has original jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. § 1332(a).

[3] Defendant alleges that Plaintiff is a citizen of Missouri and that Defendant is a citizen of Illinois (being incorporated in Illinois and having its principal place of business in Illinois), and Plaintiff dos does not dispute either allegation.

marks omitted; emphasis in original).

In the Amended Notice of Removal, Defendant points out that before filing this case in Missouri, Plaintiff filed a nearly identical complaint in state court in Illinois that was dismissed based on forum non conveniens principles. In the First Amended Complaint filed in Illinois, Plaintiff sought "unreimbursed damages in a sum in excess of $50,000," in addition to "prejudgment interest, costs, attorney's fees, and statutory penalties as provided by 215 ILCS 5/155." Def.'s Ex. C, at p. 3. As Defendant argues, and as Plaintiff does not dispute, this indicates that Plaintiff and her attorneys believe her unreimbursed compensatory damages under her insurance policy to be in excess of $50,000.

Defendant also argues, and Plaintiff does not dispute, that if Plaintiff is seeking $50,000 or more in compensatory damages, then the statutory penalties Plaintiff requests under Section 155 of the Illinois Insurance Code could be $30,000 or more, bringing the amount in controversy to at least $80,000. The provision Plaintiff cites state, in relevant part:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 Ill. Comp. Stat. Ann. 5/155. Defendant points out that if Plaintiff's compensatory damages

– 3 –

were $50,000, then the amount possibly available under part (a) would be $30,000, the amount possibly available under part (b) would be $60,000, and the amount available under part (c) would be $50,000 (because there were no pre-suit settlement negotiations). Any of those amounts, added to $50,000 in compensatory damages, would bring the amount in controversy over the $75,000 threshold.

Based on the analysis above, the Court agrees with the parties that the amount in controversy exceeds $75,000 and that it has jurisdiction over this case. Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday, February 16, 2021**, the parties shall file either an Amended Joint Proposed Scheduling Order or a memorandum stating that they wish to keep the dates they set forth in the prior Joint Report of Parties and Proposed Scheduling and Discovery Order (Doc. 13).

**IT IS FURTHER ORDERED** that on **Friday, February 19, 2021, at 10:30 a.m.**, the Court shall hold a second scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. The conference shall occur by Zoom, and the counsel will be emailed instructions for attending in advance of the conference.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2021.